178

363 A.2d 1218

Carol H. JOSEPH

v.

James H. JOSEPH, Appellant (two cases).

Superior Court of Pennsylvania.

Submitted April 12, 1976.

Decided Sept. 27, 1976.

Donald S. Hershman, Pittsburgh, for appellant.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

VAN der VOORT, Judge.

This case arises on appeals from two orders of the Court of Common Pleas, Family Division, of Allegheny County. The first order dated July 15, 1974, directed appellant to pay $750 per month for the support of appellee and their three children and to pay $1,800 in arrearages under a prior order. Appellant's first appeal is directed to that portion of the order which directs payment of $1,800 in arrearages.

The second order dated October 17, 1974, adjudicated appellant to be in contempt of court and remanded him to the custody of the warden of the Allegheny County jail for an unconditional two-month term. An appeal was immediately taken to this court and a supersedeas was granted on October 21, 1974.

For reasons hereinafter explained, we find that the lower court was in error in including the $1,800 arrear-

age item in its order of July 15, and the contempt order is reversed because it does not include the terms by which appellant may purge himself of his contempt.

The case started in the Family Division of the court below on January 19, 1973, pursuant to receipt of a certificate and complaint under the Uniform Support Law from the Court of Common Pleas of Westmoreland County. The complaint alleged that appellant and appellee were married on December 17, 1966, in St. Louis, Missouri, and separated December 13, 1972, with three children born of that marriage, and demanded that appellant pay the sum of $750 per month for the support of his wife and children.

On February 6, 1973, after hearing, an order was entered by the court below directing the appellant to pay the sum of $200 per month as well as mortgage payments in the amount of approximately $300 per month, approximately $100 a month for utilities and necessary and reasonable medical and dental expenses.

On January 4, 1974, a petition was filed by appellee to collect arrearages and to increase the amount of support provided for in the order of February 6, 1973. Due to a variety of circumstances, a hearing was not held on the petition until April 29, 1974, at which time testimony was taken by the court.

On July 15, 1974, the court below entered an order directing the appellant to pay $750 per month for the support of appellee and their three children and to pay $1,800 in arrearages. Appellant's first appeal is directed to the arrearage item in this order.

On August 23, 1974, a rule was issued returnable on September 9, 1974, for a hearing on alleged arrearages in appellant's compliance with the order of July 15. A hearing on that rule was held on September 19, 1974, and testimony taken. On that same day, a consent order which the parties had negotiated between themselves was

entered by the court below by the terms of which appellant was to pay $300 per month directly to the appellee, maintain a $100,000 life insurance trust for the children, make all payments on the mortgage on appellee's residence, including real estate taxes, provide appellee with the continued use of her station wagon, pay tuition for the children at private school, plus necessary and reasonable medical and dental expenses and pay all utilities. The order concluded by cancelling the obligation to pay arrearages which had been a part of the July 15 order. That portion of the order read as follows:

"It further appearing to the Court that the Order of July 15, 1974 entered in this matter erroneously ordered the payment by the Defendant, James H. Joseph, of $1,800 in arrearages, and that the Defendant, James H. Joseph, has since August 1, 1974 otherwise paid to the Plaintiff, Carol H. Joseph, a sum of money sufficient to comply with said order, it is FURTHER ORDERED that the account maintained by the Family Division of this Court for the support of the Plaintiff, Carol H. Joseph, and the aforesaid minor children, shall be adjusted to reflect the satisfaction of any and all arrearages which may be shown thereon, that said account shall be closed, and that all future payments shall be made by the Defendant, James H. Joseph, directly to the Plaintiff, Carol H. Joseph, in accordance with this Order."

With respect to the other alleged arrearages, the hearing was continued until October 17, 1974, at which time a hearing was held and appellant attempted to justify his delinquencies. At the conclusion of the hearing, appellant was adjudged in contempt of court and remanded to the custody of the warden of the Allegheny County jail for an unconditional two-month term. The order of court read as follows:

"Deft. in Court on Body Attachment & found in contempt of court & sentenced to 2 months in County Jail.

Deft. to pay $25.00 cost fine to the Prothonotarys Office. Body Attachment is dismissed. Deft. pay costs."

■ We are concerned with two appeals by appellant, the first addressed to that portion of the order of July 15 adjudicating an arrearage of $1,800. It is clear from the record that the item was included erroneously. For a period of nine months before the July 15 order, appellant had made payments of $200 a month directly to appellee instead of making the payments through the Family Division of the court below, this for the convenience of appellee who had complained to appellant of the delay involved in transmitting payments from the court below to the court in Westmoreland County and thereafter to appellee. Unfortunately, neither appellant nor appellee notified the court below of this arrangement for direct payment to appellee and the nine monthly arrearages, aggregating $1,800, were accrued in the bookkeeping records of the Family Division of the court below as unpaid. At the hearing of April 29, 1974, on which the July 15 order was based, both appellant and appellee advised the court below that the money, in fact, had been received by the appellee and that there were no arrearages. However, the court below elected to follow the records of the collecting and disbursing office of the Family Division rather than the testimony of the parties directly concerned. This was in error for, in fact, there were no such arrearages as the court subsequently adjudicated in its consent order of September 19, 1974, as above quoted. At the hearing on that order, both appellant and appellee testified once more that the $1,800 arrearage had no basis in fact.

■ However, the order of September 19, rescinding the arrearage portion of the order of July 15 renders moot the appeal from the earlier order.

The second appeal (No. 125) is addressed to the order of October 17, 1974, wherein appellant was adjudicated in contempt and remanded to the Allegheny County jail

for a two-month term. This was a proceeding in civil contempt under the Civil Procedural Support Law, 62 P. S. 2043.39. The basis of the adjudication of contempt was appellant's willful failure to comply with the support orders of July 15 and September 19, 1974.

The difficulty with the contempt order and its ensuing jail sentence is that it does not state the terms upon compliance with which appellant may secure his release. This is a sine qua non of a civil contempt order as this court quite recently pointed out in *Simmons v. Simmons,* 232 Pa.Super. 365, 371, 335 A.2d 764, 767 (1975) where contempt procedures under the Civil Procedural Support Law were reviewed with the following result:

"Orders, decrees or sentences in civil contempt proceedings must state a condition which when complied with will purge the contemnor of his contempt. The prisoner carries the keys to his prison in his own pocket."

Such was not the order of the court below.

The appeal at No. 10 April Term, 1975, from the Order of the Court dated July 15, 1974, dismissed because of mootness.

The Order of Court of October 17, 1974, in the appeal at No. 125 April Term, 1975 is vacated and the case remanded to the Court below with a procedendo.